## No. 1,332.

### THE STATE OF LOUISIANA VS. WILLIAM SMITH.

That a member of the petit jury which tried the case had been a member of the grand jury which had found the indictment, while good as a ground of challenge to the juror, cannot avail on a motion for new trial.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Allen,* J.

---

*Walter J. Suthon,* District Attorney, for the State, Appellee.

---

*Wilson & Sigur* for Defendant and Appellant.

---

The opinion of the Court was delivered by

FENNER, J. The sole error assigned is in the refusal of an application for a new trial, based on the ground that a member of the grand jury which found the indictment against the defendant served as a member of the petit jury which tried the case.

This would have been a good ground of challenge to the juror; but it is settled by repeated decisions that it cannot serve as a basis for a new

trial or arrest of judgment. State vs. Thomas, 35 Ann. 24; State vs. Beaseley, 32 Ann. 1162; State vs. Turner, 6 Ann. 310.

It is impossible to distinguish this case from those cited.

There is no suggestion of fraud or injury. The juror, when examined on his *voir dire*, had stated that he knew nothing of the case and had neither formed nor expressed an opinion. There is no contradiction of this statement. For aught that appears, he might not have been present at the finding of the bill. Twelve out of the sixteen composing the grand jury, may validly act in absence of the other members.

At all events, this, like alienage and other grounds of disqualification, was open to discovery by the proper questions to the juror on his *voir dire*; and ignorance of the existence of such disqualifying cause on the part of the accused and his counsel, cannot avail in one case more than in others. The very object of the examination on the *voir dire* is to elicit information as to such facts as affect the competency of the juror.

The minutes of the court containing the names of the grand jurors, were open to inspection, and they afforded better means of ascertaining the fact of such disqualification than exist in the case of alienage and the like. Yet it is held that alienage of a juror, though only discovered after verdict, cannot serve as a ground for new trial. State vs. Bird, 38 Ann. 497; State vs. Sopher, 35 Ann. 975; State vs. Bron, 26 Ann. 283; State vs. Parks, 21 Ann. 257; 13 Ann. 276; 8 Rob. 590.

Judgment affirmed.